**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 09-cr-00171-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DEREK BARRINGER,

    Defendant.

**AMENDED[1] ORDER
FOR COMPETENCY AND MENTAL EXAMINATION**

**Blackburn, J.**

Prior to commencement of the sentencing hearing set for October 2, 2009, the government moved orally pursuant to 18 U.S.C. § 4244 to vacate the sentencing hearing and to set a hearing on the present mental condition of the defendant. The defendant objected.

Under 18 U.S.C. § 4244, I may and should hold a hearing on the present mental condition of the defendant (1) if the defendant's or the government's ". . . motion is supported by substantial information indicating that the defendant may presently be suffering from a mental disease or defect for the treatment of which he is in need of

---

[1] This amended order is entered (1) to reconcile the difference between the word, "thirty," and the number, "(60)," appearing in the order [#24] at 6, ¶ 5; and (2) to clarify that the period of custody for the examination is limited to thirty (30) days from the date of the original order [#24] entered October 7, 2009, as I construe 18 U.S.C. § 4247(b), which provides ". . . the court may commit the person to be examined for a reasonable period, but not to exceed thirty days . . . ."

custody for care or treatment in a suitable facility," *see* § 4244(a); or (2) if I am ". . . of the opinion that there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility, *see id*.

Based on the information in the Presentence Investigation Report, I am of the opinion that there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility.  Accordingly, I should hold a mental condition hearing, which should be preceded by a psychiatric or psychological examination. *See* § 4244(b).

**THEREFORE, IT IS ORDERED** as follows:

1. That the sentencing hearing is vacated and continued, pending further order;

2. That pursuant to 18 U.S.C. § 4244, a hearing to determine the mental condition of the defendant, or, in the alternative, a status conference shall be conducted on December 4, 2009, commencing at 8:30 a.m.;

3. That pursuant to 18 U.S.C. § 4244 (c), the hearing shall be conducted pursuant to the provisions of 18 U.S.C. § 4247(d);

4. That prior to the hearing and pursuant to the provisions of 18  U.S.C. §§ 4244(b) and 4247(b), a psychiatric or psychological examination shall be conducted by a licensed or certified  psychiatrist or psychologist to be designated and provided by the Bureau of Prisons; provided, furthermore, that the Bureau of Prisons shall be responsible for arranging, scheduling, and coordinating the examination required by this order;

5. That the defendant, who is in the custody of the Attorney General, shall be placed forthwith at the Federal Correctional Institution,[2] 9595 W. Quincy Avenue, Englewood, Colorado 80123, or at some other suitable facility, for a period not to exceed thirty **(30) days from the date of this order**[3] to facilitate the psychiatric or psychological examination and to implement the orders of this court;

6. That the licensed or certified psychiatrist or psychologist conducting the psychiatric or psychological examination shall be granted reasonable access to the defendant to facilitate the psychiatric or psychological examination and to implement the orders of this court;

7. That if requested by the examiner, the probation department is authorized and directed to provide a copy of the presentence report to the examiner;

8. That pursuant to the provisions of 18 U.S.C. § 4247(c), at the conclusion of the psychiatric or psychological examination of the defendant, a psychiatric or psychological report shall be prepared by the licensed or certified psychiatrist or psychologist and shall be filed with the court, with copies to counsel for the government and the defendant;

9. That pursuant to the provisions of 18 U.S.C. §§ 4244(b) and 4247(c)(1)-(4), the psychiatric or psychological report shall include the following:

    a. The defendant's history and present symptoms;

---

[2] Under **Fed.R.Evid. 201**, I take judicial notice 1) that the Federal Correctional Institution is a "suitable facility" as defined by 18 U.S.C. § 4247(a)(2) and as required by 18 U.S.C. § 4247(b); and 2) that the Federal Correctional Institution is the "suitable facility" closest to the court as required by 18 U.S.C. § 4247(b).

[3] The language in **bold** constitutes the amended language described in footnote 1, *supra*.

  b. A description of the psychiatric, psychological, and medical tests that were employed and their results;

  c. The examiner's findings;

  d. The examiner's opinions as to the diagnosis and prognosis;

  e. If the report includes an opinion by the examiner that the defendant is presently suffering from a mental disease or defect but that it is not such as to require his custody for care or treatment in a suitable facility, the report shall also include an opinion by the examiner concerning the sentencing alternatives that could best accord the defendant the kind of treatment he does need;[4] and

10. That copies of this order shall be provided to and served on (1) counsel for the parties, (2) the United States Marshal for the District of Colorado; and (3) the Warden (Attention: Dr. Hope) of the Metropolitan Detention Center, Los Angeles, California.[5]

Dated November 24, 2009, *nunc pro tunc* to October 7, 2009, at Denver, Colorado.

                **BY THE COURT:**

                /s/ Bob Blackburn
                Robert E. Blackburn
                United States District Judge

---

[4] This discrete opinion is required under 18 U.S.C. § 4244(b).

[5] I have substituted the Warden of the Metropolitan Detention Center in Los Angeles, California, for the Warden of FCI Englewood, Colorado, because the BOP has designated the defendant to the Metropolitan Detention Center in Los Angeles, California. *See* BOP Letter [#25] filed October 22, 2009.